UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EMERY MILLIGAN,

    Petitioner,

    v.

TOM CAREY, Warden,

    Respondent.

No. C 04-0944 PJH (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

    This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court denied the petition in a ruling entered on July 10, 2007. Petitioner filed a motion to reconsider nearly a year later. It was denied in an order entered on March 10, 2009. On April 13, 2009, petitioner filed a motion for a certificate of appealability ("COA") and a motion for appointment of counsel by placing them in the mail at his prison. *See Faile v. Upjohn Co.*, 988 F.2d 985, 988 (9th Cir. 1993) (mailbox rule applies to civil filing deadlines in addition to deadline for filing a notice of appeal). The motion for a certificate of appealability will be treated as a notice of appeal as well as a request for a COA. *See Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990) (treating timely pro se motion for a certificate of probable cause as a timely notice of appeal). The court notes, however, that treated as a notice of appeal it appears to be untimely, both as to the decision on the merits and as to the order denying reconsideration. That is a matter for the Court of Appeals, however, and will not be considered further here.

    A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of

probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). The requirement that a COA be obtained applies to appeals of rulings on motions to reconsider. *See Langford v. Day*, 134 F.3d 1381, 1382 (9th Cir. 1998).

For the reasons set out in the order denying the petition and in the order denying the motion to reconsider, jurists of reason would not find the result debatable or wrong. Petitioner's request for a certificate of appealability (document number 30 on the docket) is **DENIED**. His motion for appointment of counsel (document number 31) is **DENIED** without prejudice to renewing it in the Court of Appeals.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: 2/2/10

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.04\MILLIGAN944.COA.wpd